**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KYLE ZAPALIK, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No. 1:19-cv-02342 |
| | ) | |
| v. | ) | Honorable Charles R. Norgle, Sr. |
| | ) | |
| NORTHSTAR LOCATION SERVICES, LLC, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Northstar Location Services, LLC ("Northstar" or "Defendant"), by and through its attorneys of Gordon & Rees, LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:    Defendant admits that this Court has jurisdiction over this action.**

2.      Venue is proper in this District because Defendant transacts substantial business here.

**ANSWER:    Defendant admits that venue is proper in this District.**

## PARTIES

3.      Plaintiff, Kyle Zapalik, ("Plaintiff") is a natural person and resident of the State of Illinois, from whom Defendant attempted to collect an allegedly defaulted consumer debt owed for a defaulted student loan that Defendant asserts is owed to Discover Bank.

**ANSWER:     Defendant admits only that it attempted to collect from Kyle Zapalik a defaulted debt owed by him to Discover Bank. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint, and on that basis denies same.**

4.      Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:     Paragraph 4 of the Complaint sets forth a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 4 of the Complaint, and on that basis denies same.**

5.      The alleged debt was incurred in connection with Plaintiff's education for personal, family and household purposes.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies same.**

6.      Defendant, Northstar Location Services, LLC ("Northstar") is a foreign LLC that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts on behalf of others.

**ANSWER:     Defendant admits only that Northstar Location Services, LLC is a New York LLC that sometimes uses the mails and/or the telephone to collect or attempt to collect debts. The remaining allegations contained in paragraph 6 of the Complaint are**

**legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and on that basis denies same.**

7.      Northstar maintains a website www.gotonls.com, that states in part that "The Northstar Companies provides a full-service receivables debt collection solution."

**ANSWER:      Defendant admits the allegations contained in paragraph 7 of the Complaint.**

8.      Northstar used the mail and telephone to attempt to collect the alleged debt from Plaintiff.

**ANSWER:      Defendant admits only that Northstar used the mail and telephone to attempt to collect a debt from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and on that basis denies same.**

9.      Northstar currently holds an Illinois Collection Agency license.

**ANSWER:      Defendant admits the allegations contained in paragraph 9 of the Complaint.**

## STANDING

10.      Plaintiff has standing because he has suffered an injury-in-fact as the result of Defendant's actions.  Specifically, Defendant has misrepresented that Plaintiff owes a debt, which is enough to establish Article III standing despite the fact that he never paid the illegal amounts sought.  See, e.g., *Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

**ANSWER:      Defendant denies the allegations contained in paragraph 10 of the Complaint.**

11.     Because Northstar's misrepresentations and omissions, stated below, deprived Plaintiff of accurate material information that posed a risk of real harm, they satisfy the concrete-harm requirement.  See, e.g., *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258, at *14-16 (N.D. Ill. July 11, 2016).

**ANSWER:     Defendant denies the allegations contained in paragraph 11 of the Complaint.**

## FACTUAL ALLEGATIONS

12.     Plaintiff incurred a student loan debt in connection with his college education for personal, family and household purposes ("alleged debt").  The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies same.**

13.     The loan was alleged to be owed to Discover Bank.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies same.**

14.     Northstar asserts that Plaintiff owes Discover Bank money on Account number ************4021, which is false as Plaintiff does not owe money to Discover Bank in connection with the referenced account number.

**ANSWER:     Defendant denies the allegations contained in paragraph 14 of the Complaint.**

15.     The alleged debt entered default status.

**ANSWER:** **Defendant admits only that upon information and belief, a debt owed by Plaintiff went into default. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the specifics regarding the alleged debt, as it is defined above.**

16. Discover Bank thereafter placed the alleged debt with Northstar, for Northstar to collect, after the alleged debt had entered a default status.

**ANSWER:** **Defendant admits only that Discover Bank referred a delinquent account to Northstar, for Northstar to collect. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the specifics regarding the alleged debt, as it is defined above.**

17. On or around November 8, 2018, Northstar mailed or caused to be mailed a letter to Plaintiff ("First Letter"). (Exhibit A, First Letter).

**ANSWER:** **Defendant admits the allegations contained in paragraph 17 of the Complaint.**

18. The First Letter referenced an Account # of ************4021, and states that Plaintiff owes a balance of $1,132.08 to Discover Bank.

**ANSWER:** **Defendant denies the allegations contained in paragraph 18 of the Complaint.**

19. The First Letter was the first communication from Northstar to Plaintiff regarding the alleged debt.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies same.**

20.     The First Letter was the first written communication from Northstar to Plaintiff regarding the alleged debt.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies same.**

21.     The First Letter contained a "Notice of Debt" pursuant to section 1692g of the FDCPA.

**ANSWER:     Defendant admits only that the letter dated November 8, 2018 contains the information required pursuant to 15 U.S.C. 1692g. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and on that basis denies same.**

22.     The First Letter states in part that "This communication is from a debt collector and is an attempt to collect a debt".

**ANSWER:     Defendant admits the allegations contained in paragraph 22 of the Complaint.**

23.     Plaintiff received the First Letter on or around November 15, 2018.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies same.**

24.     Plaintiff did not recognize the Account # on the First Letter, and upon information and belief does not owe any money to Discover Bank in connection with the Account # contained in the First Letter.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief**

as to the truth of the allegation that Plaintiff did not recognize the Account # on the First Letter, and on that basis denies same. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25.     On November 16, 2018, Plaintiff placed a telephone call to Northstar by dialing the telephone number belonging to Northstar, which was 855-454-1080, and was thereafter connected with an agent or employee of Northstar that identified himself as "Brent Smith."

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies same.**

26.     During the course of the conversation that ensued with Brent Smith regarding the alleged debt, Plaintiff told Brent Smith that he did not owe any money on the Account # listed on the First Letter, and that the account information was not correct.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis denies same.**

27.     In response to the information provided by Plaintiff to Brent Smith, Mr. Smith told Plaintiff that he would inform Discover Bank that Plaintiff disputed the alleged debt.

**ANSWER:     Defendant denies the allegations contained in paragraph 27 of the Complaint.**

28.     Northstar's facsimile number at the time of the telephone call was 716-525-6928.

**ANSWER:     Defendant denies the allegations contained in paragraph 28 of the Complaint.**

29.     Thereafter, on that same day, Plaintiff submitted a letter ("Plaintiff's Letter") to

Northstar via facsimile transmission, via its facsimile number 716-525-6928. (Exhibit B, Letter from Plaintiff).

**ANSWER:** **Defendant denies the allegations contained in paragraph 29 of the Complaint.**

30. Northstar received the letter from Plaintiff, attached hereto as Exhibit B, on November 16, 2018.

**ANSWER:** **Defendant denies the allegations contained in paragraph 30 of the Complaint.**

31. Plaintiff's Letter states in part as follows:

**November 16, 2018**

**TO: Northstar Location Services, LLC via fax # f: 716.565.6928**

**RE: Discover Bank Balance of $1132.08 for acct# ending in 4021.**

**Dear Northstar:**

**I don't owe the money you are attempting to collect from me (the acct # on your letter is unknown to me) and will not pay it.**

(Exhibit B, Letter from Plaintiff).

**ANSWER:** **Defendant admits only that the letter attached as Exhibit B to Plaintiff's Complaint is quoted, in part, in paragraph 31 of the Complaint. Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.**

32. Plaintiff's Letter was signed by Plaintiff, contained Plaintiff's address, and referenced the Account # that was contained in the First Letter.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis denies same.**

33.     15 U.S.C. § 1692c of the FDCPA provides in part as follows:

....

**(c) Ceasing communication** If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
(1) to advise the consumer that the debt collector's further efforts are being terminated;
(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.
......

**ANSWER:     Defendant admits only that Plaintiff purports to cite a portion of the FDCPA, 15 U.S.C. § 1692c in paragraph 33 of the Complaint, but Defendant denies any liability under that statutory provision.**

34.     Plaintiff's Letter notified Northstar that Plaintiff refuses to pay the alleged debt sought from Plaintiff in the First Letter.

**ANSWER:     Defendant denies the allegations contained in paragraph 34 of the Complaint.**

35.     Upon receipt of Plaintiff's Letter, pursuant to section 1692c of the FDCPA, Northstar was required to cease communication with Plaintiff with respect to the alleged debt, unless it was communicating with Plaintiff in connection with one or more of the three exceptions listed in section 1692k(c).

**ANSWER:     Paragraph 35 of the Complaint sets forth a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 35 of the Complaint.**

36.     Despite this fact, Northstar continued to attempt to collect the alleged debt from

Plaintiff, via letter and telephone contact.

**ANSWER:** **Defendant denies the allegations contained in paragraph 36 of the Complaint.**

37.    None of Northstar's communications made to Plaintiff, after Northstar received Plaintiffs Letter, fit any of the three exceptions to the requirement that Northstar cease contact with Plaintiff after receipt, from Plaintiff, of a written refusal to pay.

**ANSWER:** **Paragraph 37 of the Complaint sets forth a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 37 of the Complaint.**

38.    Despite the FDCPA's proscription on continued contacts with Plaintiff, Northstar continued to attempt to contact Plaintiff to collect the alleged debt, in violation of section 1692c of the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in paragraph 38 of the Complaint.**

39.    On or around March 11, 2019, Northstar mailed or caused to be mailed another letter to Plaintiff ("Second Letter").  (Exhibit C, Second Letter).

**ANSWER:** **Defendant admits only that on or around March 11, 2019, Northstar mailed or caused to be mailed a letter to Plaintiff.**

40.    The Second Letter referenced an Account # of ************4021, and states that Plaintiff owes a balance of $1,132.08 to Discover Bank.

**ANSWER:** **Defendant denies the allegations contained in paragraph 40 of the Complaint.**

41.    The Second Letter states in part that "This communication is from a debt collector

and is an attempt to collect a debt".

**ANSWER:** **Defendant admits the allegations contained in paragraph 41 of the Complaint.**

42.     Plaintiff received the Second Letter on or around March 21, 2019.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and on that basis denies same.**

43.     Plaintiff, again, did not recognize the Account # on the Second Letter, and upon information and belief does not owe any money to Discover Bank in connection with the Account # contained in the Second Letter.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff, again, did not recognize the Account # on the Second Letter, and on that basis denies same. Defendant denies the remaining allegations contained in paragraph 43 of the Complaint.**

44.     On March 19, 2019 at 2:46 p.m., an agent or employee placed a call to Plaintiff in connection with the collection of the alleged debt.

**ANSWER:** **Defendant denies the allegations contained in paragraph 44 of the Complaint.**

45.     Northstar's Second Letter mailed on March 11, 2019 and telephone call placed to Plaintiff on March 19, 2019 violated section 1692c of the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in paragraph 45 of the Complaint.**

46.     Northstar also violated section 1692g of the FDCPA by calling and mailing

Plaintiff to collect the alleged debt, after Northstar received Plaintiff's written dispute.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 46 of the Complaint.**

47.    15 U.S.C. § 1692g of the FDCPA provides in part as follows:

…

**(b) Disputed debts**

if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof; is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
….

**ANSWER:**    **Defendant admits only that Plaintiff purports to cite a portion of the FDCPA, 15 U.S.C. § 1692g in paragraph 47 of the Complaint, but Defendant denies any liability under that statutory provision.**

48.    Under 15 U.S.C. § 1692g(b), a debt collector must cease collection of a debt or any disputed portion thereof if the consumer notifies the collector in writing that she disputes the debt within thirty days of receiving the disclosures required under section 1692g(a).  The debt collector is permitted to resume collection of the debt if it "obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer." 15 U.S.C. § 1692g(b).  *Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp. 3d 1072,

1083-84 (N.D. Ill. 2014).

**ANSWER:** **Paragraph 48 of the Complaint sets forth a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and on that basis denies same.**

49.     Plaintiff notified Northstar of his dispute in writing on November 16, 2018, within 30 days of his receipt of the Notice of Debt contained in the First Letter, which Plaintiff received on November 15, 2018.

**ANSWER:** **Defendant denies the allegations contained in paragraph 49 of the Complaint.**

50.     Under the provisions of section 1692g(b), Northstar was required to cease collection upon receipt of a timely written dispute from Plaintiff; if the written dispute was made within 30 days of Plaintiff's receipt of the Notice of Debt from Northstar—until or unless Northstar mailed a verification of the alleged debt to Plaintiff.

**ANSWER:** **Paragraph 50 of the Complaint sets forth a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and on that basis denies same.**

51.     Northstar did not mail a verification of the alleged debt to Plaintiff before it mailed him the Second Letter on March 11, 2019, and/or before it placed a telephone call to him on March 19, 2019.

**ANSWER:** **Defendant admits that it did not mail a verification of the alleged debt to Plaintiff, as alleged in paragraph 51 of the Complaint, but denies that it was required to do so.**

52.     Northstar has not, to date, mailed Plaintiff verification of the alleged debt.

**ANSWER:** **Defendant admits that it has not mailed Plaintiff a verification of the alleged debt to Plaintiff, as alleged in paragraph 52 of the Complaint, but denies that it was required to do so.**

53.     Despite not having first mailed verification to Plaintiff, Northstar continued to collect the alleged debt by telephoning and mailing Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692g(b).

**ANSWER:** **Defendant denies the allegations contained in paragraph 53 of the Complaint.**

54.     Northstar also violated section 1692e by attempting to collect a debt from Plaintiff that he did not owe, on an account that he was not associated with.

**ANSWER:** **Defendant denies the allegations contained in paragraph 54 of the Complaint.**

55.     15 U.S.C. § 1692g of the FDCPA provides in part as follows:

**§ 1692e. False or misleading misrepresentations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2)     The false representation of—

(A)     the character, amount, or legal status of any debt; or

(B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

…

**ANSWER:     Defendant denies the allegations contained in paragraph 55 of the Complaint.**

56.     By attempting to collect money from Plaintiff on an account not owed by or associated with him, Northstar misrepresented the character, amount and legal status of the alleged debt, and used false representations to attempt to collect the alleged debt, in violation of sections 1692e, e(2), and e(10) of the FDCPA.

**ANSWER:     Defendant denies the allegations contained in paragraph 56 of the Complaint.**

57.     Plaintiff suffered severe emotional distress as a result of Northstar's actions, and Plaintiff lost sleep, was confused, was distressed, and was worried as a result of the actions of Northstar.

**ANSWER:     Defendant denies the allegations contained in paragraph 57 of the Complaint.**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Northstar, for:

(1) Statutory damages of $1000;

(2) Actual damages to Plaintiff;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

**WHEREFORE, Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief requested under the prayer for relief in the Complaint, subparagraphs (1) through (4), inclusive.**

## AFFIRMATIVE DEFENSES

Northstar Location Services, LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses hereby states as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant substantially complied in good faith with all applicable provisions of the Fair Debt Collection Practices Act, 16 U.S.C. § 1692 *et seq.*, and is entitled to each and every defense afforded to it by the FDCPA. Specifically, if Defendant committed any violation of the Fair Debt Collection Practices Act, which is expressly denied, it was the result of a *bona fide* error under 15 U.S.C. § 1692k(c), notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### THIRD AFFIRMATIVE DEFENSE

Any recovery to Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to mitigate his damages. *See, e.g. Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that all claims be dismissed and that judgment be entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

### *JURY DEMAND*

Northstar Location Services, LLC demands trial by a jury on all issues triable by a jury.

Dated: May 13, 2019

Respectfully submitted,

By:  /s/ Christina R. Spiezia
GORDON REES SCULLY MANSUKHANI LLP
Angelo J. Kappas (#6289880)
Christina R. Spiezia (#6316508)
One North Franklin, Suite 800
Chicago, Illinois 60606
Phone: (312) 619-4903
Fax: (312) 565-6511
akappas@grsm.com
cspiezia@grsm.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, states that on May 13, 2019, a true and complete copy of the filed foregoing document was served upon the below attorneys by filing same electronically with the United States District Court, Northern District of Illinois, via the CM/ECF electronic filing system.

Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
20 North Clark Street
Suite 3100
Chicago, IL 60602
312-726-6160
mario.kasalo@kasalolaw.com
*Attorney for Plaintiff*

Dated: May 13, 2019          Respectfully submitted,

By: /s/ Christina R. Spiezia
GORDON REES SCULLY MANSUKHANI LLP
Angelo J. Kappas (#6289880)
Christina R. Spiezia (#6316508)
One North Franklin, Suite 800
Chicago, Illinois 60606
Phone: (312) 619-4903
Fax: (312) 565-6511
akappas@grsm.com
cspiezia@grsm.com
*Attorneys for Defendant*